**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS HEALTH AND WELFARE FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS DEFERRED SAVINGS FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS APPRENTICESHIP FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SCHOLARSHIP FUND, PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND, | ) | No. 18 CV 1971<br><br>Judge<br><br>Magistrate |
| Plaintiffs, | ) | |
| v. | ) | |
| COPPER CONSTRUCTION COMPANY, A dissolved Illinois corporation, and STEVE NABOR, individually and d/b/a COPPER CONSTRUCTION COMPANY, | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiffs, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS HEALTH AND WELFARE FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS DEFERRED SAVINGS FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS APPRENTICESHIP FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SCHOLARSHIP FUND, and TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND, by

their attorneys, Donald D. Schwartz, James R. Anderson, Caitlin B. Pyrce, and ARNOLD AND KADJAN LLP, complain against Defendants, COPPER CONSTRUCTION COMPANY, a dissolved Illinois corporation, and STEVEN NABOR, individually and d/b/a COPPER CONSTRUCTION COMPANY as follows:

## COUNT I

### Jurisdiction and Venue

1. Jurisdiction of this cause is based on Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended, and 28 U.S.C. Section 1331.

2. The Northern District of Illinois is the proper venue pursuant to 29 U.S.C. Section 1132(e)(2) as the Plaintiffs Funds are administered here in this judicial district.

### The Parties

3. The Plaintiffs are the TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS HEALTH AND WELFARE FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS DEFERRED SAVINGS FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS APPRENTICESHIP FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SCHOLARSHIP FUND, and TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

4. The Funds have been established pursuant to collective bargaining agreements previously entered into between the Painters District Council #14 and its affiliated locals (the

"Union") and certain employer associations whose employees are or were covered by one or more collective bargaining agreements with the Union.

5. The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, 29 U.S.C. Section 186, *et seq.*, as amended, ERISA, 29 U.S.C. Section 1001, *et seq.*, and also pursuant to the terms and provisions of the collective bargaining agreements and Declarations of Trust ("Trust Agreement") which established the Funds.

6. Defendant COPPER CONSTRUCTION COMPANY ("COPPER"), a dissolved Illinois corporation since December 1, 2017, is an employer engaged in an industry affecting commerce which entered into a collective bargaining agreements ("Labor Agreement") with the Union on or about January 25, 2007, whereby COPPER agreed to be bound by the provisions of the Labor Agreement and any subsequent agreements negotiated between the Union and certain employer associations. A copy of the Labor Agreement is attached as "Exhibit A."

7. Defendant STEVEN NABOR ("NABOR"), is the president of COPPER. On information and belief, NABOR continues to transact business in the name of COPPER, and as such, is personally liable for the amounts owed by COPPER from the date of the corporation's dissolution through the present.

**The Agreements**

8. Pursuant to the provisions of the Labor Agreement, COPPER is bound to the Trust Agreements and is required to make periodic contributions to the Funds for each hour worked by its bargaining unit employees working within the occupational and jurisdictional scope described therein at the rate and in the manner specified by the Labor Agreement and the Trust Agreements. In addition, COPPER is required to make contributions to the Funds

measured by hours worked by subcontractors performing painters' or tapers' work who fail to make contributions to the Funds.

8. Under the terms of the Labor Agreement and Trust Agreement to which it is bound, COPPER is required to submit all necessary books and records to Plaintiffs' auditor for the purpose of determining whether or not COPPER is in compliance with its obligation to contribute to the Funds. In addition, the Labor Agreement and the Trust Agreements require COPPER to pay liquidated damages, interest, auditor's fees, and all attorney's fees and court costs incurred by the Funds in the collection process.

**The Claim**

9. Upon information and belief, Plaintiffs are advised that COPPER has breached the provisions of the Labor Agreement and Trust Agreement by failing to pay all of the contributions for the audit period of October 1, 2017 through the present.

10. Plaintiffs have been required to employ the undersigned attorneys and their law firm to collect the monies that may be found to be due and owing from COPPER.

11. COPPER is obligated to pay the attorneys' fees and court costs incurred by the Plaintiffs pursuant to the Labor Agreement, the Trust Agreements, and 29 U.S.C. Section 1132(g)(2)(D).

12. Pursuant to 29 U.S.C. Section 1132(g)(2)(C), Plaintiffs are entitled to an amount equal to the greater of:

(i) interest on the unpaid contributions; or

(ii) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A. This Court order COPPER to submit all necessary books and records to Plaintiff's accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds for an audit for the period of October 1, 2017 through the present.

B. That judgment be entered in favor of Plaintiffs and against Defendant COPPER CONSTRUCTION and STEVE NABOR in the amount shown to be due on the above audit.

C. This Court enjoin COPPER from violating the terms of the collective bargaining agreement and Trust Agreement by failing to make timely payments to the Funds and COPPER be ordered to resume making those payments.

D. Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2).

E. This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

## COUNT II

13. Plaintiffs reallege and incorporate paragraphs 1 through 12 of Count I into Count II as if they were fully restated herein.

### The Claim

14. STEVEN NABOR is the president of COPPER CONSTRUCTION COMPANY, and is empowered to execute agreements on behalf of the corporation.

15. The Collective Bargaining Agreement ("CBA") at Article 16 Section 1(b)(1) provides that: Before commencing any work covered by this Agreement, the Employer shall provide a performance or surety bond, in the amount and under the terms set forth below, to

insure the prompt and full payment of all contributions, dues/ assessments, and wages due in accordance with this Agreement (Exhibit B).

16. Pursuant to Article 16, Section1(b)(iii) of the Labor Agreement, in the event that the Employer is a corporation and no bond is provided, liability shall be imposed not only on the corporation but also personally on each corporate official of that Employer empowered to execute agreements or sign checks on the corporation's behalf or to designate the persons empowered to do so in an amount up to Thirty Thousand Dollars, plus any amounts owed in excess of that sum by the Employer.

17. STEVEN NABOR is a corporate official empowered to execute agreements, as evidenced by his signature on the Labor Agreement (Exhibit A).

18. Defendant COPPER breached Article 16 by failing to post the performance bond as required by the CBA.

19. COPPER has breached the provisions of the Labor Agreement and Trust Agreement by failing to submit all of the required monthly reports and contributions for the period of October 1, 2017 through present.

20. As COPPER breached Article 16, STEVEN NABOR is personally liable to the Funds for the total amount found due under the audit.

WHEREFORE, Plaintiff pray for relief as follows:

A. COPPER be ordered to produce its books and records for a fringe benefit contribution compliance audit for the period from October 1, 2017 through present.

B. That judgment be entered in favor of Plaintiffs and against Defendant STEVEN NABOR in the amount shown to be due under the audit

C. Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2).

D. This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

Respectfully submitted,

**TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, et al.,**

By: _/s/ Caitlin B. Pyrce___________
One of their Attorneys

DONALD D. SCHWARTZ
JAMES R. ANDERSON
CAITLIN B. PYRCE
ARNOLD AND KADJAN LLP
35 E. Wacker Dr., Ste. 600
Chicago, Illinois 60601
(312) 236-0415